UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN WHITE-MOSLEY | CIVIL ACTION NO. 2:22-CV-03794-EEF-DMD |
| VERSUS | JUDGE ELDON FALLON |
| SEASONS APARTMENTS, LLC | MAGISTRATE JUDGE DANA DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER AND REASONS**

The Court has before it Defendant's Motion to Compel Arbitration and Stay. R. Doc. 4. Plaintiff has filed an opposition. R. Doc. 13. Having considered the briefing and the applicable law, the Court rules as follows.

I.   **BACKGROUND**

Plaintiff, a tenant of Defendant, brought this action alleging violations of the Fair Housing Act, 42 U.S.C.§ 3601, *et seq.* and that Defendant had breached the lease agreement between the parties. R. Doc. 1-2. Plaintiff's signed lease included an arbitration agreement under which Plaintiff agreed to submit to arbitration any and all "disputes, assertions, claims or controversies, lawsuits, complaints or causes of action" against Defendant in connection with her lease or her occupancy of the premises.  R. Doc. 4-2 at 10–11. The lease also contains a delegation clause by which Plaintiff agreed to submit to arbitration "any disputes, claims or controversies regarding the scope, validity and/or enforceability of this Arbitration Agreement." *Id.*

## II. PRESENT MOTION

In the instant motion, Defendant asks the Court to order Plaintiff to participate in arbitration as contemplated by her signed lease with Defendant, and to stay proceedings before this Court. R. Doc. 4. Defendant argues that the arbitration clause to which Plaintiff agreed in her lease is binding, and that Plaintiff may thus not peruse her claims against it in this Court. *Id.*

## III. APPLICABLE LAW

"Arbitration is favored in the law." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). Section 2 of the Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

"Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into *any arbitration agreement at all*. The second involves contract interpretation to determine whether *this* claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis in original). Both of these questions are typically for the court to decide, but when the arbitration agreement contains a delegation clause – a clause giving the arbitrator the primary power to rule on whether a specific claim is arbitrable – the court's analysis is limited. *Id.* at 201-

02. In such instances, the court performs the first step of the analysis to see whether there is a valid agreement to arbitrate at all. *Id.* If a valid agreement to arbitrate exists between the parties, the only question left for the court to determine is whether the purported delegation clause "clearly and unmistakably" evidences an intent to have the arbitrator decide whether a given claim must be arbitrated. *Rent–A–Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S. Ct. 2772, 177 L.Ed.2d 403 (2010); *Doe v. Tonti Mgmt. Co., L.L.C.*, CV 20-2466, 2021 WL 5508874, at *2 (E.D. La. Mar. 1, 2021). If there is a valid delegation clause, "the motion to compel arbitration should be granted in almost all cases." *Kubala*, 830 F.3d at 202

## IV.   DISCUSSION

Plaintiff concedes that a valid arbitration agreement exists between the parties. R. Doc. 13. But Plaintiff disputes that the terms of the arbitration agreement are enforceable because "unconscionable terms pervaded the arbitration agreement" and the agreement "does not conform to the strict standard set out by the Louisiana Binding Arbitration Law." *Id.* at 2. However, because the arbitration agreement contains a delegation clause by which Plaintiff agreed to submit to arbitration "any disputes, claims or controversies regarding the scope, validity and/or enforceability of this Arbitration Agreement[,]" having recognized that there is a valid arbitration agreement between the parties, those questions are not before the Court: Plaintiff must submit them to arbitration.

Plaintiff additionally argues that compelling arbitration would be unconstitutional in this case because Plaintiff has a constitutional right to have her claims tried by a jury. *Id.* It is well established that compelled arbitration is not unconstitutional, even where, in the absence of a binding arbitration clause, the plaintiff would have a right to trial by jury. *See, e.g.*, *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017).

V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay is hereby **GRANTED**.

New Orleans, Louisiana, this 5th day of December, 2022.

_____
United States District Judge